**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**JOSEPH JEROME SMITH,**

    **Petitioner,**

**v.**                                                              **Case No: 5:14-cv-246-Oc-10PRL**

**UNITED STATES OF AMERICA**

    **Respondent.**

## ORDER

This matter is before the Court on the United States' Motion for an Order Requiring Former Defense Counsel to Disclose Substance of Communications and to Provide Affidavit. (Doc. 5). Petitioner filed a motion pursuant to 28 U.S.C. §2255 (Doc. 1) claiming that his former counsel in his criminal trial, AFPD Rick Carey, rendered ineffective assistance of counsel by failing to file a notice of appeal after Petitioner instructed him to do so. The Court set the motion for an evidentiary hearing on August 6, 2014 and directed the United States to file a response to the motion by June 19, 2014. (Doc. 4).

In order to respond to Petitioner's allegations, the United States contacted AFPD Carey, who advised that pursuant to an internal policy at the Federal Public Defender's Office, he is unable to voluntarily provide the United States with an affidavit addressing Petitioner's claim of ineffective assistance of counsel. Accordingly, the United States has filed the instant motion to compel AFPD Carey to provide an affidavit detailing his communications with Petitioner relevant to Petitioner's §2255 motion and to produce any relevant records.

- 2 -

By alleging that his former counsel provided ineffective assistance of counsel, Petitioner put at issue – and thereby waived – any privilege that might apply to his conversations with AFPD Carey, or documents contained in his case file, relevant to the issues raised in the §2255 motion. *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)(holding that by bringing an ineffective assistance claim, a §2255 petitioner waives attorney-client privilege with respect to conversations that "bore on his attorney's strategic choices"); *see also, Crutchfield v. Wainwright*, 803 F.2d 1103, 1121 (11th Cir. 1986)(en banc)(Edmondson, J., concurring)(noting that when defendant challenges a conviction by asserting an issue that makes privileged communications relevant, he waives the privilege with respect to those communications).   Nonetheless, AFPD Carey has not responded to the United States' request for the information and the United States suggests that ethical issues may exist if such information is *voluntarily* provided to the United States.   In light of these issues, courts in this District have granted similar motions made by the government.   *See e.g., Cainion v. United States*, No. 8:12-cv-2491-T-33AEP, Doc. 9; *Porter v. United States*, No. 8:12-cv-2175-T-24TBM, Doc. 8.

Accordingly, the United States' Motion (Doc. 5) is due to be **GRANTED**.   On or before **June 12, 2014,** AFPD Rick Carey is directed **to:**

1. Provide to the United States an affidavit discussing his communications with Petitioner relevant to his claim of ineffective assistance of counsel as raised in the §2255 motion; and

2. Produce any records, including correspondence, relevant to Petitioner's claim of ineffective assistance of counsel.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on June 6, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Rick Carey, Assistant Federal Public Defender